UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

v.

PHILLIP JONES

Case No. 1:19-cr-00291-RLY-DLP-01

ORDER   ON   MOTIONS   FOR
SENTENCE  REDUCTION  UNDER
18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE)

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-00291-RLY-DLP |
| | ) | |
| PHILLIP JONES, | ) | -01 |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Defendant Phillip Jones has filed pro se motions seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 37, 49. Mr. Jones seeks immediate release from incarceration. For the reasons explained below, his motions are **DENIED**.

## I.   **Background**

Approximately one year ago, in February 2020, Mr. Jones pled guilty to one count of possession with intent to distribute a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count 1) and one count of carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (Count 4). Dkts. 32, 33. The Court sentenced him to 37 months of imprisonment on Count 1 and 60 months of imprisonment on Count 4, to be served consecutively to Count 1, for a total of 97 months of imprisonment. *Id.* The Court also imposed a 3 year term of supervised release. *Id.*

Mr. Jones is 38 years old. He is currently incarcerated at USP McCreary in Pine Knot, Kentucky. As of April 7, 2021, the Bureau of Prisons ("BOP") reports that no inmates and 15 staff members at USP McCreary have active cases of COVID-19; it also reports that 174 inmates at

2

USP McCreary have recovered from COVID-19 and that 1 inmate at USP McCreary has died from the virus. https://www.bop.gov/coronavirus/ (last visited Apr. 8, 2021). Mr. Jones has been incarcerated for about 1 ½ years. The BOP lists his anticipated release date (with good-conduct time included) as August 4, 2026.

In July 2020, Mr. Jones filed a pro se motion for compassionate release. Dkt. 37. The Court appointed counsel, dkt. 40, but counsel thereafter withdrew before filing any supporting memorandum or amended motion on behalf of Mr. Jones, dkts. 46, 47. Mr. Jones filed an amended pro se motion for compassionate release, dkt. 49, and the United States filed opposition, dkt. 50. Mr. Jones filed a supplement to his motion, dkt. 53, as well as a reply, dkt. 55. Upon review of Mr. Jones's reply, the Court ordered the United States to file a sur-reply addressing several issues Mr. Jones raised in his reply, dkt. 56, and the United States complied, dkt. 57. Finally, Mr. Jones filed a response to the United States's sur-reply. Dkt. 58. Thus, the motions are now ripe for decision.

## II.    Discussion

Mr. Jones seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 49. Specifically,  he contends that his underlying medical conditions (endocarditis/pericarditis, hepatitis B and C, pre-diabetes and chronic liver disease), which make him more susceptible to severe complications from COVID-19, combine with the BOP's inability to control COVID-19 outbreaks in their facilities to establish extraordinary and compelling reasons to reduce his sentence to time served.[1] *Id.* In response, the United States

---

[1] The Court notes that in his initial motion for compassionate release, Mr. Jones also identified obesity as one of his health conditions that render him more susceptible to severe illness from COVID-19. Dkt. 37. Mr. Jones states that he has a body mass index of 31, placing him under the Centers for Disease Control and Prevention's definition of "obese." In addition to not including obesity as one of his conditions in his amended motion for compassionate release, Mr. Jones also does not provide any medical records or other documentation to support his diagnosis. Even if the Court were to assume that Mr. Jones is considered obese and also assume that his risk of developing severe symptoms if he contracts COVID-19 creates an extraordinary and compelling reason that could warrant a sentence reduction, the Court would nevertheless

argues that Mr. Jones has not shown extraordinary and compelling reasons to grant release; that he remains a danger to the community if released; and that the sentencing factors in 18 U.S.C. § 3553(a) do not favor release. Dkt. 50.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[2] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

deny Mr. Jones's motion for compassionate release upon a balancing of the sentencing factors under 18 U.S.C. § 3553(a) as discussed below.

[2] The United States concedes that Mr. Jones has exhausted his administrative remedies. Dkt. 45.

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement."  U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).  Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable."  U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or

5

registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Jones does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 provide him with an extraordinary and compelling reason warranting release. Instead, he asks the Court to exercise its broad discretion to find an extraordinary and compelling reason warranting release in this case.[3]

The risk that Mr. Jones faces from the COVID-19 pandemic is not an extraordinary and compelling reason to release him.  While the Court sympathizes with Mr. Jones's fear of contracting the virus, the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD01, dkt. 33 (S.D. Ind. Aug. 12, 2020) (concluding that the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction).

Mr. Jones claims that he is at an increased risk of experiencing severe COVID-19 symptoms because he suffers from various medical conditions—specifically, endocarditis/pericarditis, hepatitis B and C, pre-diabetes and chronic liver disease.  The CDC (Centers for Disease Control) has not recognized endocarditis/pericarditis and pre-diabetes as conditions that can make you more likely to get severely ill from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

---

[3] In keeping with the Seventh Circuit's instruction in *Gunn*, 980 F.3d at 1180-81, the Court has considered the rationale provided by the warden in denying Mr. Jones's administrative request for relief. Mr. Jones's warden appears not to have considered the possibility that Mr. Jones could show an "extraordinary and compelling reason" under Subsection (D) of the policy statement and instead focused only on Subsection (A). *See* dkt. 44-1. Thus, the warden's decision provides little guidance to the Court's analysis.

conditions.html (last visited Apr. 8, 2021). And, although the CDC has recognized that having chronic liver disease (including hepatitis B or C) can make you more likely to get severely ill from COVID-19, *see id.*; *see also* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html (last visited Apr. 8, 2021), Mr. Jones has failed to provide any medical records or other documentation to show that he currently suffers from chronic liver disease or an active hepatitis B or C infection. Without any medical conditions that put him at increased risk of severe illness should he contract COVID-19, the Court cannot find that Mr. Jones has shown extraordinary and compelling reasons to justify his release.  This Court has routinely denied such motions from similar defendants, even when they are incarcerated in a "hotspot" for COVID-19 infections. *See United States v. Dyson*, 2020 WL 3440335, at *3 (S.D. Ind. June 22, 2020) (collecting cases).

The Court also notes that based on some of the supplemental briefing provided by Mr. Jones, it appears that he may have already contracted and recovered from COVID-19. Dkt. 55. In early November 2020, Mr. Jones states that he experienced two weeks of symptoms, including fever, congestion, chills, muscle pain, migraine headaches, brain fog and diarrhea. Dkt. 55-1 at 2. He further states that he is still suffering "lingering effects of the same symptoms" which include fever, muscle aches, chills, extreme headaches, chest pain with difficulty breathing, swollen legs, brain fog and inability to exercise. Dkt. 58 at 2. However, while these continuing effects are certainly burdensome and not insignificant, there is no indication that Mr. Jones is currently experiencing any debilitating symptoms stemming from his COVID-19 infection or that the BOP cannot treat any symptoms that he is experiencing. Thus, if Mr. Jones has contracted and recovered from COVID-19, he has not shown extraordinary and compelling reasons warranting a sentence reduction. *See United States v. Gaskins*, No. 1:16-cr-249-JMS-MJD-03, dkt. 274 (S.D. Ind. Feb.

8

16, 2021) (finding no extraordinary and compelling reasons warranting sentence reduction where defendant contracted COVID-19, suffered severe symptoms and was hospitalized for a month, and continued to suffer from serious symptoms, including coughing fits and shortness of breath).

And, to the extent Mr. Jones has contracted COVID-19, any potential concern about reinfection does not change the result.  The Court recognizes that USP McCreary experienced a serious outbreak of COVID-19, and staff members at the facility are still infected. Nonetheless, reliance on the possibility that Mr. Jones will be reinfected and suffer severe symptoms is speculative. *See*      https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/quarantine.html (last visited Mar. 26, 2021) ("Cases of reinfection of COVID-19 have been reported but are rare."). To date, this Court has declined to find extraordinary and compelling circumstances warranting a sentence reduction when a defendant has recovered from COVID-19—even when that defendant has risk factors for severe symptoms. *See*, *e.g.*, *Wyatt*, No. 3:17-cr-11-RLY-MPB-02, dkt. 165 (S.D. Ind. Sept. 3, 2020); *United States v. Gevirtz*, No. 1:17-cr-68-RLY-MJD-01, dkt. 68 (S.D. Ind. Sept. 14, 2020); *United States v. Young*, No. 1:10-cr-3-SEB-DML-17, dkt. 1540 (S.D. Ind. July 27, 2020). The fact that the BOP is now actively vaccinating inmates against COVID-19— including inmates at USP McCreary—only underscores the speculative nature of any concern about reinfection.

Regardless, even if Mr. Jones had shown extraordinary and compelling reasons warranting a sentence reduction, the considerations under § 3553(a) also weigh against his release. The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and

(d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Mr. Jones's motion.

As explained, Mr. Jones may suffer from at least one medical condition that can make him more likely to get severely ill from COVID-19. While USP McCreary experienced a significant outbreak of COVID-19, the BOP's efforts to control the virus among the inmate population appear to be having some success.   https://www.bop.gov/coronavirus/ (last visited on Apr. 8, 2021) (showing that 0 inmates at the facility have active cases of the virus). Additionally, as of April 7, 2021, 671 inmates and 100 staff members at USP McCreary have received both doses of the COVID-19 vaccine. *Id.* That said, the nature of prisons means that the virus can spread quickly and that inmates have little ability to protect themselves from the virus. In short, the Court is aware of the risk that Mr. Jones faces from COVID-19 and has given it appropriate weight in its consideration of the § 3553(a) factors.

Also weighing in Mr. Jones's favor under the § 3553 analysis, he states that he plans to move-in with his brother if released and to seek employment immediately. Just prior to sentencing, Mr. Jones submitted a letter from a prison minister attesting to the great strides Mr. Jones had made in the months he spent in pre-trial detention. Finally, it does not appear that Mr. Jones has had any disciplinary infractions during his imprisonment.

Weighing against him, when pleading guilty in this matter, Mr. Jones admitted to engaging in a deal with an undercover law enforcement official during which Mr. Jones agreed to sell him methamphetamine and heroin. Dkt. 23.  During the deal, the law enforcement official noticed Mr. Jones reaching for a gun and tried to take it away from him. Mr. Jones then fled the scene. While he was running away, Mr. Jones threw two baggies, which were later determined to contain approximately 28 grams of methamphetamine and 2 grams of heroin, respectively. Law enforcement also recovered a loaded Glock 23 semiautomatic handgun approximately 5 feet from where Mr. Jones was apprehended.

In addition to the conviction in this matter, Mr. Jones has several other felonies in his criminal history: (1) theft in 2009; (2) theft in 2013; (3) theft in 2013; (4) possession of a narcotic drug in 2015; (5) invasion of privacy in 2019; and (6) unlawful possession of a syringe in 2019. Dkt. 28. Mr. Jones has violated probation several times in the past, and he was on probation for his unlawful possession of a syringe conviction when he committed the offenses in the instant case. Finally, Mr. Jones was sentenced barely one year ago, has only served 20% of his sentence and is not scheduled to be released for another 5 ½ years.

In light of these considerations, the Court cannot find that any risk Mr. Jones faces from COVID-19 warrants releasing him from incarceration at this time. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (affirming denial of motion for compassionate release where district court found that § 3553(a) factors weighed against release despite COVID-19 risk because defendant committed serious offense and had only served one-third of sentence); *United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors

11

outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence).

### III.     Conclusion

For the reasons stated above, Mr. Jones's motions for compassionate release, dkts. [37] and [49], are **denied**.

**IT IS SO ORDERED.**

Date:        4/08/2021

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel